## SUPREME COURT.

ELISHA R. BROCKWAY, appellant, agt. JOHN B. IRELAND, respondent.

*Liability of trustees of manufacturing corporations under section 15.*

In this action the plaintiff sought to charge the defendant, as one of the trustees of a manufacturing corporation, with the amount of a certain debt of the corporation, under the provisions of section 15 of the gen-

Brockway agt. Ireland.

eral manufacturing act, on the ground that certain reports made by the corporation were false in material representations contained therein, and that the defendant, who had signed the same, knew such reports to be false. It appeared, among other things, on the trial that the whole capital stock ($300,000) was issued in payment for the mine, manufactory and other property of the corporation. The case was tried and submitted to the jury on the theory that if the property had been purchased by the corporation for a price in excess of its value, and if the defendant knew at the time when he signed such reports that such was the fact, then the plaintiff was entitled to the debt sued for:

*Held*, on the question of the good faith of the trustees in their estimate of the value of the property for which the capital stock was issued, and on the question of their notice of its actual value, that it was competent to show the representations made to them by experts and others competent to judge of the actual value of the property. But that it was for the jury to determine whether they, in good faith, acted and relied on the opinions which they so received and believed the value of the property to be as represented.

*Held*, further, that it is not necessary that each trustee should have actual personal knowledge of the property and of its value. That in many cases they must depend upon the representations of experts and others presumed to have a practical knowledge of the property and its value.

*Fourth Department, General Term, April,* 1880.

*Leander W. Fiske,* for appellant.

*Larned & Warren,* for respondent.

TALCOTT, *P. J.*— This is an appeal from an order denying a motion for a new trial, made on the minutes of the court after verdict at the Lewis county circuit. The action is against the defendant Ireland, as the president of "The Black River Iron and Mining Company of New York," to recover on a due bill for sixty-three dollars and ninety cents, given by the corporation as a balance due the plaintiff from the corporation for wood purchased in 1873. The action is in substance against the defendant, as president and trustee of the said corporation, for not having made the annual report of the said corporation, as required by section 12 of the "act to

authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," passed February 17, 1848.

The certificate of the acknowledgment of the articles by which the said corporation was created was dated July 27, 1872. What purported to be an annual report, as required by said section 12, signed by the defendant and a majority of the trustees of said corporation, and duly verified by the defendant, as president, and by the secretary of said company, was duly filed, and both of said reports were introduced in evidence on the part of the plaintiff, and the counsel for the plaintiff claimed to recover under section 15 of the said act, on the ground that the said reports were false in material representations contained therein, and that the said defendant, who had signed the same, knew the same to be false, and was therefore individually liable for the debts of the corporation. The said reports were as follows, *mutatus mutandis :*

ANNUAL REPORT OF THE BLACK RIVER IRON AND MINING COMPANY.

*January* 1, 1873.

The amount of capital stock of the said company is $300,000. Three thousand shares of $100 each which has been paid, not for cash, but for the purchase of the company's property.

Capital actually paid in as cash................ $300,000
Amount of existing debts not over............. 15,000
And due on purchase, to be paid within five years, 27,000

JOHN B. IRELAND,
W. MURDOCK,
JAMES CRINKSHANK,
THOMAS H. WAGSTAFF,
*Trustees.*

The report filed on the 1st of January, 1874, was similar in all respects to the report of 1873, except that the amount of existing debts was stated to be not over $100,000. The

amount of capital stock of the said corporation was correctly stated according to the articles of association. The act of 1848 was amended by the Laws of 1853, chapter 333. By the second section of said act of 1853 it was provided as follows: " The trustees of such company may purchase mines, manufactories and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be declared and taken to be full stock and not liable to any further call, neither shall the holders thereof be liable for any further payments under the provisions of the tenth section of said act, but in all statements and reports of the company to be published this stock shall not be stated or reported as being issued for cash paid into the company, but shall be reported in this respect according to the fact."

It appeared in the case, in fact, that the whole of the capital stock, $300,000, was issued in payment for the mine, manufactory and other property of the corporation, and the action was tried and submitted to the jury on the theory that if the property had been purchased by the corporation for a price in excess of its value, and if the defendant knew at the time when he signed such reports that such was the fact, then the plaintiff was entitled to the debt sued for of the defendant individually.

Such is the effect of the decision of the court of appeals in an action against this same defendant by a different plaintiff founded upon similar facts (*Douglass* agt. *Ireland*, 73 *N. Y.*, 100). In the case referred to, the court says: "All that is necessary to establish the legal fraud and take the stock issued out of the immunity assured to the stock honestly issued in pursuance of the act of 1853, is to prove two facts. First. That the stock issued exceeded in amount the value of the property in exchange for which it was issued. Second. That the trustees deliberately and with knowledge of the real value of the property, overvalued it and paid in stock for it an amount which they knew was in excess of actual value. The

value must be determined in any action in which the question arises, upon such evidence as may be given, having respect to the circumstances and the nature of the property and the *scienter* and guilty action of the trustees may be proved either directly or inferred from circumstances."

The two questions specified by the court of appeals were the questions which were substantially submitted to the jury in this case under a charge from the court, to which no exceptions appears to have been taken, and the jury have found a verdict for the defendant.

On these questions, especially upon that involving the good faith of the trustees, there was evidence *pro* and *con* sufficient to render them, especially the latter, questions of fact for the determination of the jury, and we cannot say that the inferences which the jury were entitled to draw from the facts developed by the evidence, as opposed to the testimony given in behalf of the defendant, were or could have been in any way conclusive of the defendant's liability. We think, also, that the evidence given as to the representations of other parties to the trustees, as to the value of the property transferred to the corporation in payment for its stock, was admissible upon the question of notice to the trustees of the actual value. It cannot be that such a corporation cannot in good faith buy property for its stock, unless each trustee has an actual personal knowledge, not only of the property, but of its fair value. They must, in many cases, depend upon the representation of experts and others presumed to have a practical knowledge of the property in question, and be competent to judge of its actual value. In such cases, of course, the question remains open to be determined by the jury as to whether the trustees in good faith acted and relied on the opinions which they received, and believed the value of the property to be as represented. On the whole, we are unable to say that the verdict was against the evidence, or that any ruling made by the trial judge was erroneous.

Order denying a new trial affirmed.